```
         _____ FILED        _____ RECEIVED
         _____ ENTERED      _____ SERVED ON
                              COUNSEL/PARTIES OF RECORD

                    JAN 1 4 2011

                CLERK US DISTRICT COURT
                 DISTRICT OF NEVADA
         BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NARVIEZ V. ALEXANDER,                )
                                     )
                    Plaintiff,       )
                                     )        3:10-cv-00429-RCJ-RAM
            vs.                      )
                                     )
STATE OF NEVADA et al.,              )            **ORDER**
                                     )
                    Defendants.      )
_____)

Plaintiff Narviez Alexander filed this prisoner civil rights action in pro se pursuant to 42

U.S.C. § 1983. His Application for Leave to Proceed in Forma Pauperis (ECF No. 1) is granted.

Plaintiff has filed a motion for appointment of counsel. A litigant in a civil rights action

does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d

1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to

request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(d). *Aldabe v.*

*Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). The circumstances under which a court will make

such a request are exceedingly rare, and a court will make the request under only extraordinary

circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799–800 (9th Cir. 1986)

(citing *id.*); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of

exceptional circumstances requires that the court evaluate both the likelihood of success on the

merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the

1  legal issues involved. Neither factor is dispositive, and both must be viewed together in making

2  a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn*, 789 F.2d at

3  1331). The district court has considerable discretion in making these findings. *30.64 Acres of*

4  *Land*, 795 F.2d at 800. The Court does not find extraordinary circumstances warranting the

5  appointment of counsel, and the Motion for Appointment of Counsel (ECF No. 6) is denied. The

6  Court will now proceed to screen the claims.

7  **I.      PROCEDURAL HISTORY**

8       Plaintiff is a prisoner at Ely State Prison ("ESP"), a facility of the Nevada Department of

9  Corrections ("NDOC") in Ely, Nevada. Plaintiff alleges a series of constitutional violations and

10  requests declaratory, injunctive, and monetary relief. In the Amended Complaint ("AC"),

11  Plaintiff has named twenty-eight Defendants in both their individual and official capacities.

12       Plaintiff lists ten claims in the AC: (1) Fourteenth Amendment due process and equal

13  protection violations; (2) Eighth Amendment violations; (3), (4) Eighth Amendment and

14  Fourteenth Amendment due process violations; (5) Fourteenth Amendment due process

15  violations; (6), (7) Eighth Amendment violations; (8) First Amendment right to petition

16  violations, Fourth Amendment privacy violations, and Fourteenth Amendment equal protection

17  violations; (9) First, Eighth, and Fourteenth Amendment retaliation violations; and (10) Eighth

18  Amendment and Fourteenth Amendment equal protection violations.

19  **II.     LEGAL STANDARDS**

20       Federal courts must conduct a preliminary screening in any case in which a prisoner

21  seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

22  U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any

23  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or

24  seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

25  § 1915A(b)(1)–(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica*

1    *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a

2    plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was

3    violated; and (2) that the alleged violation was committed by a person acting under color of state

4    law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

5            In addition to the screening requirements under § 1915A, pursuant to the Prison

6    Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the

7    allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim

8    on which relief may be granted, or seeks monetary relief against a defendant who is immune

9    from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim

10   upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and

11   the court applies the same standard under § 1915(e). When a court dismisses a complaint under

12   § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing

13   its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

14   cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

15           When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim,

16   dismissal is appropriate only when the complaint does not give the defendant fair notice of a

17   legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550

18   U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the

19   court will take all material allegations as true and construe them in the light most favorable to the

20   plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however,

21   is not required to accept as true allegations that are merely conclusory, unwarranted deductions

22   of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

23   (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not

24   sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible.

25   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

1    "Generally, a district court may not consider any material beyond the pleadings in ruling

2    on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

3    complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

4    1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged

5    in a complaint and whose authenticity no party questions, but which are not physically attached

6    to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

7    converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14

8    F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take

9    judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279,

10   1282 (9th Cir. 1986).

11       Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the

12   prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal

13   conclusions that are untenable, e.g., claims against defendants who are immune from suit or

14   claims of infringement of a legal interest which clearly does not exist, as well as claims based on

15   fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490

16   U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

17   **III.     ANALYSIS**

18       **A.     Count I - Fourteenth Amendment**

19       Plaintiff alleges his due process rights were violated by various Defendants when the

20   Classification Committee reclassified him without providing him certain procedural rights

21   required by the Constitution and applicable NDOC regulations, resulting in his placement in

22   administrative segregation.

23       In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier

24   case law which had held that states created protectable liberty interests by way of mandatory

25   language in prison regulations. *Id.*  Instead, the Court adopted an approach in which the

Page 4 of 19

1    existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id.* In

2    doing so, the Court held that liberty interests created by prison regulations are limited to freedom

3    from restraint which "imposes atypical and significant hardship on the inmate in relation to the

4    ordinary incidents of prison life." *Id.* at 484. The Court focused on three factors in determining

5    that the plaintiff in that case possessed no liberty interest in avoiding disciplinary segregation:

6    (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a

7    comparison between the plaintiff's confinement and conditions in the general population showed

8    that the plaintiff suffered no "major disruption in his environment"; and (3) the length of the

9    plaintiff's sentence was not affected. *Id.* at 486–87.

10          Plaintiff has not alleged a cognizable deprivation of liberty.  Plaintiff alleges that as a

11    result of his reclassification, he was put into administrative segregation and transferred from a

12    medium security facility to a maximum security facility.  But he does not allege facts indicating

13    that his segregation or incarceration at the maximum security facility imposed hardships atypical

14    of prison life.  Plaintiff is not entitled to be held in a prison at any particular level of security.

15    Based on the facts of this case, the claim of a cognizable deprivation of liberty is not plausible

16    under the *Sandin* factors.  The only facts Plaintiff alleges indicating increased restrictions on his

17    freedom, whether in administrative segregation, disciplinary segregation, or medium versus

18    maximum security facilities—these are only titles—are: (1) he is denied participation in the

19    Inmate Food and Clothing Package Program; (2) he has been denied access to his personal

20    clothing; (3) he is allowed only one shower per seventy-two hours; (4) he is forced to kneel on

21    the ground on his bare knees before and after showers for security reasons; (5) he has to wear a

22    common, shared coat outside for recreation; (6) he cannot take gloves or water outside with him;

23    (7) he has a private cell without a cellmate and has to remain in it at all times; (8) some inmates

24    yell or pound on the walls annoyingly; (9) sometimes other inmates damage their cells or cause

25    other commotion requiring officers to enter and spray mace; and (10) Plaintiff has no access to

1   religious services or the courts.  None of these facts indicate conditions that seem abnormal for

2   prison life or abusive, except the total lack of access to religious services or to the courts, the

3   latter of which seems inherently implausible under the circumstances.  A total restriction on

4   religious services might constitute an independent harm under the First Amendment or the

5   Religious Land use and Institutionalized Persons Act ("RLUIPA").

6          Plaintiff also brings an equal protection claim but does not allege discrimination based on

7   membership in any protected class.  Count I is dismissed with prejudice, except that Plaintiff

8   may amend to bring a First Amendment or RLUIPA claim.

9   **B.      Count II - Eighth Amendment**

10         Plaintiff alleges the following constitute the unnecessary and wanton infliction of pain:

11  (1) placement in administrative segregation generally, because it deprives him of "meaningful

12  contact with other people"; (2) inadequate hygiene, as alleged, *supra*; and (3) inadequate outdoor

13  exercise.  He also alleges the same deprivations as in Count I, adding the lack of access to a law

14  clerk.  None of these supports an Eighth Amendment claim.  As a general matter, "[t]he discrete

15  basic human needs that prison officials must satisfy include food, clothing, shelter, sanitation,

16  medical care, and personal safety.  Enforced idleness, taken alone, simply does not deprive a

17  prisoner of any of these basic needs." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir.

18  1986) (citations omitted); *but see Sandin*, 515 U.S. at 484 (recognizing that in some

19  circumstances additional restrictions can impose atypical and significant hardships in relation to

20  the ordinary incidents of prison life).  Also, "[a] number of conditions, each of which satisfy

21  Eighth Amendment requirements, cannot in combination amount to an Eighth Amendment

22  violation." *Id.* (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1247 (9th Cir. 1982)).

23         To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

24  conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*,

25  452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison

1  officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

2  personal safety. *Id.*; *Toussaint*, 801 F.2d at 1107; *Hoptowit*, 682 F.2d at 1246. Where a prisoner

3  alleges injuries stemming from unsafe conditions of confinement, prison officials may be held

4  liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost*

5  *v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

6  The deliberate indifference standard involves objective and subjective prongs. First, the alleged

7  deprivation must be objectively "sufficiently serious." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

8  *Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an

9  excessive risk to inmate health or safety." *Id.* at 837. Thus, "a prison official may be held liable

10 under the Eighth Amendment for denying humane conditions of confinement only if he knows

11 that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable

12 measures to abate it." *Id.* at 835.

13      Plaintiff alleges no additional facts indicating a lack of outdoor exercise and in fact

14 implies he receives outdoor exercise when he complains of having to wear a shared coat

15 outdoors. Having to kneel on the ground where other prisoners have been showering, although

16 uncomfortable and not perfectly sanitary, does not constitute deliberate indifference to Plaintiff's

17 health or hygiene. Count II is dismissed with prejudice.

18      **C.    Counts III and IV - Eighth and Fourteenth Amendments**

19      Count III is redundant with Count II, except Plaintiff more particularly describes his

20 experiences kneeling down in the shower. He alleges he has a fungal infection on his legs and

21 pain in his kneecaps, which he attributes to having to kneel before and after showers. He admits

22 being treated for this condition by a doctor. He does not allege the doctor ordered him not to

23 kneel on wet tile or concrete or even that the doctor opined that the fungal infection was due to

24 the kneeling. Plaintiff draws this conclusion himself, and does not allege the infection occurs on

25 his knees, but only somewhere on his legs. These allegations do not support a claim of

1  deliberate indifference. Plaintiff notes that Defendants carry out the kneeling procedure because
2  of security regulations—it is apparently in Defendants' judgment the safest way to clasp and
3  unclasp ankle cuffs. Defendants need not change the procedure in the way Plaintiff suggests to
4  avoid his kneeling on wet tile or concrete for several seconds before and after showering. Count
5  III is dismissed with prejudice.

6         In Count IV, Plaintiff alleges the destruction of certain personal property during cell
7  searches. An unauthorized, intentional deprivation of property by a state employee does not
8  constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy for the
9  loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533–34 (1984). The grievance process is
10 sufficient to satisfy due process requirements concerning the damage to Plaintiff's property.
11 Although the grievance process may or may not result in replacement of the allegedly destroyed
12 property, no due process claim lies due to the destruction of the property where the grievance
13 procedure is available. Plaintiff alleges the grievance procedure was not meaningful because the
14 confiscated or destroyed items were not properly documented and he was not given
15 documentation concerning their removal. Plaintiff admits he grieved the alleged deprivations,
16 and he does not allege an insufficient grievance procedure. Count IV is dismissed with
17 prejudice.

18     **D.     Count V - Fourteenth Amendment**

19         Plaintiff alleges additional deprivations of property. He complains of searches and
20 deprivations while he was not present. He alleges he exhausted the grievance procedure, but
21 again, he does not allege an insufficient grievance procedure. Plaintiff ultimately complains not
22 of the post-deprivation grievance procedure available to him, but of the manner of deprivation
23 itself. Count V is dismissed with prejudice.

24     **E.     Counts VI and VII - Eighth Amendment**

25         Plaintiff alleges certain Defendants acted with deliberate indifference when they caused

1   him to wait sixty-five days for any pain medication or antibiotics for an abscess that had resulted

2   from a decayed tooth.  Plaintiff alleges the abscess caused extreme pain, swelling, headaches,

3   and even stomachaches.  Plaintiff alleges that the tooth was decayed approximately a year prior

4   to the abscess forming and required a filling at that time, but the dentist, Dr. Hanson, told him

5   that he did not perform fillings and that he would have to wait for the tooth to further decay so it

6   could be extracted because HDSP policy was to perform extractions only.

7          Prisoners are entitled to adequate dental care under the Eighth Amendment, and although

8   bare delay in dental care does not constitute a violation, delay can constitute a violation where

9   officials are aware of severe pain or continuing damage. *Hunt v. Dental Dep't*, 865 F.2d 198, 200

10  (9th Cir. 1989) (reversing summary judgment on a similar claim).  Plaintiff has sufficiently pled

11  an Eighth Amendment violation.  Count VI may proceed.

12         In Count VII, Plaintiff alleges certain Defendants acted with deliberate indifference when

13  they failed to provide him proper treatment for hearing loss in his left ear.  Plaintiff alleges that

14  he reported a suspected ear infection after suffering a painful and swollen left ear, and that he

15  saw a nurse who thought it was a fungal infection, but that he was never referred to a doctor or

16  given antibiotics.  Plaintiff continued to experience pain for sixty days, until the infection "was

17  purged."  During this time, he was never given pain killers.  A delay in treatment, as opposed to

18  denial of treatment, amounts to deliberate indifference only if the delay causes further harm. *See*

19  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).  Here, Plaintiff has alleged a denial

20  of care or inadequate care.  Count VII may proceed.

21         **F.     Count VIII - First, Fourth, and Fourteenth Amendments**

22         Plaintiff alleges Defendants violated his First Amendment right to petition by denying

23  him access to a law clerk, denying him access to a law library, denying him access to any legal

24  materials newer than 2001, and delaying his access to legal materials.

25         Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S.

Page 9 of 19

1   343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by*

2   *Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990). This right "requires

3   prison authorities to assist inmates in the preparation and filing of meaningful legal papers by

4   providing prisoners with adequate law libraries or adequate assistance from persons trained in

5   the law." *Bounds*, 430 U.S. at 828; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).

6   The right, however, "guarantees no particular methodology but rather the conferral of a

7   capability—the capability of bringing contemplated challenges to sentences or conditions of

8   confinement before the courts . . . . [It is this capability] rather than the capability of turning

9   pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S.

10   at 356–57. Prison officials may select the best method to ensure that prisoners will have the

11   capability to file suit. *See id.* at 356. Prisons "might replace libraries with some minimal access

12   to legal advice and a system of court-provided forms . . . that asked the inmates to provide only

13   the facts and not to attempt any legal analysis." *Id.* at 352.

14         To establish a violation of the right of access to the courts, a prisoner must establish that

15   he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing

16   doctrine and may not be waived. *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An

17   "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the

18   inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and

19   internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008)

20   (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is

21   fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4);

22   *Madrid*, 190 F.3d at 996. Delays in providing legal materials or assistance that result in actual

23   injury are "not of constitutional significance" if "they are the product of prison regulations

24   reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362. The right of

25   access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus

Page 10 of 19

1  proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3 & 354–55; *Simmons v.*

2  *Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1159–60 (9th Cir. 2003) (explaining that "a

3  prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim.");

4  *Madrid*, 190 F.3d at 995.

5        Plaintiff does not allege a lack of access to the courts. He complains of the manner of his

6  access. Nor has he alleged that he has been prejudiced with respect to a non-frivolous appeal,

7  habeas corpus petition, or civil rights action. He alleges an "inability to effectively research or

8  litigate his pending civil rights case" in state court. He does not allege the nature of that case,

9  whether it is redundant with the present case, or whether the case is still pending. He has not

10  stated a First Amendment claim.

11        Plaintiff also alleges Defendants violated his Fourth Amendment right to privacy by

12  allowing other inmates and non-law library staff to review his pleadings, including Defendants

13  themselves. Prisoners do not have an expectation of privacy in their legal filings. *See, e.g.,*

14  *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996); *O'Keefe v. Van Boening*, 82 F.3d 322, 326

15  (9th Cir. 1996).

16        Finally, Plaintiff alleges equal protection violations, but he again identifies no protected

17  category. Accordingly, Count VIII is dismissed with prejudice.

18        **G.    Count IX - First, Eighth, and Fourteenth Amendments**

19        Plaintiff claims that his First, Eighth, and Fourteenth Amendment rights were violated

20  when certain Defendants retaliated against him for filing grievances. Plaintiff alleges they

21  falsified documents in order to charge him with penal code violations in retaliation for Plaintiff

22  grieving Baca's allegedly racially discriminatory practices with respect to the hiring of unit

23  porters.[1] Plaintiff alleges Cox, Neven, and Morrow failed to act when informed of the

24  

25        [1]Plaintiff alleges that Baca had refused to hire him because he was not Hispanic and then transferred him to another housing unit to prevent him from being hired.

1  retaliation.

2          "A prisoner suing prison officials under section 1983 for retaliation must allege that he

3  was retaliated against for exercising his constitutional rights and that the retaliatory action does

4  not advance legitimate penological goals, such as preserving institutional order and discipline."

5  *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994) (citing *Rizzo v. Dawson*, 778 F.2d 527,

6  532 (9th Cir. 1985)).  Such claims must be evaluated in the light of the deference that must be

7  accorded to prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  The

8  prisoner must submit evidence, either direct or circumstantial, to establish a link between the

9  exercise of constitutional rights and the allegedly retaliatory action. *Compare id.* (finding

10 insufficient evidence), *with Valandingham v. Bojorquez*, 866 F.2d 1135, 1138–39 (9th Cir. 1989)

11 (finding sufficient evidence).  The timing of the events surrounding the alleged retaliation may

12 constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*,

13 874 F.2d 1310, 1316 (9th Cir. 1989).  Finally, the prisoner must demonstrate that his First

14 Amendment rights were actually chilled by the alleged retaliatory action. *Resnick v. Hayes*, 213

15 F.3d 443, 449 (9th Cir. 2000); *see also Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir, 2005)

16 (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling

17 of his First Amendment rights to file grievances and to pursue civil litigation in order to perfect a

18 retaliation claim.  Speech can be chilled even when not completely silenced."); *Gomez v.*

19 *Vernon*, 255 F.3d 1118, 1127–28 (9th Cir. 2001).

20         Plaintiff states no cognizable First Amendment claim.  His allegations positively indicate

21 that his filing of grievances was not chilled when Defendants allegedly retaliated against him for

22 filing grievances, because he admits grieving that very alleged retaliation.  The retaliation claim

23 is therefore implausible. *See Resnick*, 213 F.3d at 449.

24         Next, the equal protection claim is conclusory.  Plaintiff provides no evidence indicating

25 an intent to discriminate on the basis of race.  He only alleges that he wasn't hired, and he

1    concludes this is because Baca would only hire a Hispanic. However, he alleges the two

2    Hispanics who qualified for the desired position did not want it, not that one or both of them

3    were hired instead of him. Plaintiff's Eighth Amendment claim includes no allegations plausibly

4    implicating that amendment. Count IX is dismissed with prejudice.

5         **H.**      **Count X - Eighth and Fourteenth Amendments**

6         Plaintiff alleges that his Eighth Amendment and Fourteenth Amendment equal protection

7    rights were violated when, beginning in January 2010, certain Defendants denied plaintiff

8    adequate outdoor exercise and recreation at HDSP while other inmates housed in the same unit

9    had daily outdoor recreation. Plaintiff claims that after filing grievances, he was allowed one

10    hour per day of yard time on seven days in February 2010, and, after filing more grievances, he

11    was allowed one hour per day of yard time on ten days in March 2010.

12         "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates

13    confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.

14    1996) (citing *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (Kennedy, J.)). This Circuit

15    has found the continuous deprivation of outdoor exercise for six and one-half weeks to be

16    sufficient to support such a claim. *See Lopez v. Smith*, 203 F.3d 1122, 1132–33 (9th Cir. 2000)

17    (en banc). "[A] temporary denial of outdoor exercise with no medical effects[, however,] is not a

18    substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (holding that a

19    twenty-one day deprivation did not constitute deliberate indifference). Prison officials may

20    restrict outdoor exercise on the basis of weather, unusual circumstances, or disciplinary needs.

21    *See Spain*, 600 F.2d at 199. "The cost or inconvenience of providing adequate facilities[,

22    however,] is not a defense to the imposition of cruel punishment." *Id.* at 200.

23         Plaintiff alleges that from January 13, 2010 to March 27, 2010 (a span of seventy-three

24    days), he only received an hour of outdoor exercise on eighteen days. The periods of deprivation

25    between days Plaintiff received outdoor exercise were: fifteen days, seven days, five days, four

1  days, four days, three days, three days, three days, three days, three days, two days, three days,

2  three days, three days, three days, and three days. Plaintiff's allegations are not sufficiently

3  serious so as to state an Eighth Amendment claim.

4        Next, Plaintiff does not allege that Defendants intentionally discriminated against him

5  based on his membership in any protected class. Count X is dismissed with prejudice.

6        Finally, the AC fails to set forth any allegations against three Defendants: K. Mellinger,

7  R. Daniels and L.C. Adams. Accordingly, these Defendants are dismissed from this action.

8        **I.   Motions for Temporary Restraining Order and Preliminary Injunction**

9        Plaintiff has filed a Motion for Temporary Restraining Order and Preliminary Injunction

10  (ECF Nos. 3, 4). Injunctive relief, whether temporary or permanent, is an "extraordinary

11  remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 376

12  (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

13  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

14  the balance of equities tips in his favor, and that an injunction is in the public interest." *Am.*

15  *Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 129

16  S. Ct. at 374). The *Winter* Court struck down the Ninth Circuit's sliding-scale test insofar as it

17  permitted an injunction without a showing that irreparable harm was likely. However, the Ninth

18  Circuit recently held that the sliding-scale test remains viable so long as the movant shows a

19  likelihood of irreparable harm, "serious questions" on the merits, and satisfies the other two

20  prongs. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052–53 (9th Cir. 2010).

21        Plaintiff seeks an order directing prison officials to immediately transfer him from

22  administrative segregation to the general population. Plaintiff has made no allegations in the

23  Amended Complaint to state cognizable claims for which such equitable relief would be

24  appropriate, and he therefore has no chance of success on the merits. Damages are the

25  appropriate form of relief for the harms Plaintiff has sufficiently alleged. As such, the motions

1 | for injunctive relief are denied.

2 | **CONCLUSION**

3 |     IT IS HEREBY ORDERED that the Application to Proceed in Forma Pauperis (ECF No.

4 | 1) is GRANTED. Plaintiff may maintain this action to conclusion without prepayment of the

5 | full filing fee. Plaintiff will not be required to pay fees or costs, other than the filing fee, or give

6 | security therefor. This Order shall not extend to the issuance and service of subpoenas at

7 | government expense.

8 |     IT IS FURTHER ORDERED that even if this action is dismissed, or is otherwise

9 | unsuccessful, the full filing fee shall still be due pursuant to 28 U.S.C. § 1915, as amended by the

10 | Prisoner Litigation Reform Act of 1996.

11 |     IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the

12 | Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay the

13 | Clerk of the United States District Court, District of Nevada 20% of the preceding month's

14 | deposits to Plaintiff's account (in months that the account exceeds $10.00), until the full $350

15 | filing fee has been paid for this action. The Clerk shall send a copy of this order to Albert G.

16 | Peralta, Chief of Inmate Services, Nevada Department of Prisons, P.O. Box 7011, Carson City,

17 | NV 89702.

18 |     IT IS FURTHER ORDERED that the Clerk shall FILE the Amended Complaint (ECF

19 | No. 8).

20 |     IT IS FURTHER ORDERED that all claims against the State of Nevada, Nevada

21 | Department of Corrections, Ely State Prison, High Desert State Prison, and all other Defendants

22 | in their official capacities are DISMISSED with prejudice pursuant to the Eleventh Amendment.

23 |     IT IS FURTHER ORDERED that the State of Nevada, Nevada Department of

24 | Corrections, Ely State Prison, High Desert State Prison, K. Mellinger, R. Daniels, and L.C.

25 | Adams are DISMISSED from this action.

1    IT IS FURTHER ORDERED that all claims are DISMISSED with prejudice, except as

2  follows: (1) Count I is DISMISSED with leave to amend to plead a First Amendment free

3  exercise and/or RLUIPA claim; and (2) the Eighth Amendment claims under Counts VI and VII

4  MAY PROCEED.

5    IT IS FURTHER ORDERED that the Clerk shall electronically serve a copy of this

6  order, including the attached Intent to Proceed with Mediation Form, along with a copy of the

7  Amended Complaint (ECF No. 8), on the Office of the Attorney General of the State of Nevada,

8  attention Pamela Sharp. The Attorney General shall advise the Court within twenty-one (21)

9  days of the date of entry of this order whether they can accept service of process for the named

10  Defendants and the last known address under seal of the Defendants for which they cannot

11  accept service. If the Attorney General accepts service of process for any named Defendant(s),

12  such Defendant(s) shall file and serve an answer or other response to the amended complaint

13  within thirty (30) days of the date of the notice of acceptance of service.

14    IT IS FURTHER ORDERED that if the Attorney General does not accept service of

15  process for any named Defendant(s), then Plaintiff must file a motion identifying the unserved

16  Defendant(s), requesting issuance of summons for the unserved Defendant(s), and specifying the

17  full name(s) and address(es) of the unserved Defendant(s). Pursuant to Rule 4(m) of the Federal

18  Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of

19  the date the Amended Complaint is filed.

20    IT IS FURTHER ORDERED that the parties SHALL DETACH, COMPLETE, AND

21  FILE the attached Intent to Proceed with Mediation Form on or before thirty (30) days from the

22  date of entry of this order.

23    IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon Defendants, or, if

24  an appearance has been made by counsel, upon their attorney(s), a copy of every pleading,

25  motion, or other document submitted for consideration by the Court. Plaintiff shall include with

1  the original paper submitted for filing a certificate stating the date that a true and correct copy of

2  the document was mailed to the Defendants or counsel for Defendants.  If counsel has entered a

3  notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice

4  of appearance, at the address stated therein.  The Court may disregard any paper received by a

5  district judge or a magistrate judge that has not been filed with the Clerk, and any paper which

6  fails to include a certificate showing proper service.

7         IT IS SO ORDERED.

8

9  Dated this 14th day of January, 2011.

10

11                                              ROBERT C. JONES
                                               United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

Name _____

3

Prison Number _____

4

Address _____

5

_____

6

7                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA

8

_____, )      Case No. _____

9                          Plaintiff,        )
                                             )
10   v.                                      )      **NOTICE OF INTENT TO**
                                             )      **PROCEED WITH MEDIATION**
11   _____            )
                                             )
12   _____            )
                          Defendants.        )
13   _____            )

14          This case may be referred to the District of Nevada's early inmate mediation program.
     The purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a
15   process by which the parties meet with an impartial court-appointed mediator in an effort to
     bring about an expedient resolution that is satisfactory to all parties.

16
     1.     Do you wish to proceed to early mediation in this case? ____ Yes ____ No
17
     2.     If no, please state the reason(s) you do not wish to proceed with mediation?
18          _____

19          _____

20          _____

21          _____

22   3.     List any and all cases, including the case number, that plaintiff has filed in federal or state
            court in the last five years and the nature of each case. (Attach additional pages if
23          needed).

24          _____

25          _____

                              Page 18 of 19

4.  List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document