```
___ FILED         ___ RECEIVED
___ ENTERED       ___ SERVED ON
                  COUNSEL/PARTIES OF RECORD

        JUN 1 3 2011

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NARVIEZ V. ALEXANDER,

       Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

       Defendants.

3:10-cv-00429-RCJ-RAM

**ORDER**

This court's Order screening plaintiff's first amended complaint dismissed certain claims with leave to amend and directed that his Eighth Amendment medical claims regarding his alleged abscessed tooth and an untreated ear infection would proceed (*see* docket #9). On April 18, 2011, based on filings by plaintiff that demonstrated that he sought to add additional claims, the court ordered that plaintiff should file a second amended complaint setting forth all of his allegations, including the Eighth Amendment medical claims already allowed to proceed and any additional Eighth Amendment medical claim related to his alleged diagnosis of sickle cell trait (docket #31). Plaintiff was expressly warned that failure to file a second amended complaint would result in this action proceeding as to his Eighth Amendment medical claims regarding his tooth and ear infection only (*see* docket #8, counts VI and VII). The Order was served on plaintiff at his address of record.

1    More than the allotted time has passed, and plaintiff has failed to file a second amended complaint. Accordingly, this action shall proceed as set forth in the Screening Order dated January 14, 2011 (docket #9).

On April 11, 2011, plaintiff filed a motion for temporary restraining order and injunctive relief (docket #s 29 and 30). The basis for the motion was an Eighth Amendment medical claim regarding plaintiff's alleged diagnosis of sickle cell trait. However, that claim is not set forth in plaintiff's first amended complaint (*see* docket #8). As plaintiff failed to file a second amended complaint, that claim is not and has never been presented to this court in this action. Accordingly, plaintiff's motion is denied.

Finally, plaintiff filed a motion for extension of the prison copywork limit (second request) (docket #28), a motion to strike defendants' opposition (docket #37), and a motion for sanctions (docket #40) that also relates to his motion for additional copywork. The court has previously given plaintiff an extension of the copywork limit, and plaintiff does not identify a specific need for copies at this stage of this litigation. Accordingly, plaintiff's motion for extension of the prison copywork limit (docket #28) is denied without prejudice and with leave to renew if necessary. Plaintiff's two related motions (docket #s 37 and 40) are also denied.

**IT IS THEREFORE ORDERED** that this action **SHALL PROCEED** in accordance with the court's Screening Order dated January 14, 2011 (docket #9).

**IT IS FURTHER ORDERED** that defendant(s) shall file and serve an answer or other response to the amended complaint (docket #8) within **thirty (30) days** of the date of entry of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order and injunctive relief (docket #s 29 and 30) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order granting additional extension of prison copywork limit (second request) (docket #28) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike response to motion for order granting additional extension of copywork (docket #37) and motion for sanctions (docket #40) are both **DENIED**.

DATED: June 13, 2011.

_____
UNITED STATES MAGISTRATE JUDGE