# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NARVIEZ V. ALEXANDER, | 3:10-cv-00429-RCJ-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

Before the court is Defendants State of Nevada *et al.*'s Motion for Leave to File Exhibits Under Seal in Support of Defendants' Motion for Summary Judgment. (Doc. # 57.) These exhibits–Exhibits C, E and G–contain Plaintiff Narviez V. Alexander's confidential medical records. (Doc. #59-1.) Defendants contend prison security is a compelling government interest and the potential disclosure to other inmates of Alexander's health and medication information may put Alexander's safety at risk. (Doc. # 57 at 3.) For example, Defendants claim "inmates have been known to extort inmates for their medications." (*Id.*) Alexander has not objected to Defendant's motion.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotations and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010) (internal quotations and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. *See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10–02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, Civil No. 09–000545 SOM/BMK, 2010 WL4715793, at *1-2 (D. Haw. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08–1084 MMC (PR), 2010 WL3755654, at *4 (N.D. Cal. Sept. 24, 2010).

Here, Exhibits C, E and G contain Alexander's sensitive health information, including his dental records, medical kites, physician's orders, medication logs and progress notes. Balancing the need for the public's access to information about Alexander's medical history, treatment, and condition against the need to maintain the confidentiality of Alexander's medical records, weighs in favor of sealing these Exhibits. Accordingly, Defendants Motion for Leave to File Exhibits Under Seal in Support of Defendants' Motion for Summary Judgment (Doc. # 57) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: November 8, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE