# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NARVIEZ ALEXANDER, | 3:10-cv-00429-RCJ-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| DUANE GRAHAM, et. al., | |
| Defendants. | |

Following the issuance of a decision by the Ninth Circuit remanding a portion of this case, the court issued an order on April 18, 2014, allowing certain claims to proceed and giving Plaintiff leave to amend to correct deficiencies noted in other claims. (Doc. # 94.) Plaintiff has indicated he received this order. (*See* Doc. # 98-1.)[1] Plaintiff was given thirty days from the date of that order to file a Second Amended Complaint. (Doc. # 94 at 30.) As of the date of the issuance of this Order, Plaintiff has not filed an amended complaint to correct the deficiencies noted in the prior order. Plaintiff was cautioned in the court's prior order that if he failed to file an amended complaint within the specified time period, the complaint would proceed only on those claims permitted in the court's order and on the Eighth Amendment claim in Count VI for deliberate indifference related to his dental treatment (that was remanded by the Ninth Circuit). (*Id.*) Therefore, the case will proceed as to those claims identified in the prior order and contained within the newly operative First Amended Complaint (Doc. # 10), which are the

---

[1] The order (Doc. # 94) was sent to Plaintiff at his address of record at Northern Nevada Correctional Center (NNCC); however, the court got an electronic notice of the mail being returned as undeliverable because Plaintiff was no longer housed at NNCC and was now at Ely State Prison (ESP). (Doc. # 95.) The court directed the Clerk to send the order to Plaintiff at ESP. In a letter requesting information on the status of his case that was eventually returned to Plaintiff, he indicated that he had in fact received Doc. # 94. (Doc. # 98-1.) Plaintiff has yet to file a notice of change of address from NNCC to ESP as he is required to do under LSR 2-2. This Order directs Plaintiff to file the notice of change of address within fourteen days.

following:

(1) Count I: Fourteenth Amendment due process claim against defendants Baca, Morrow, Garcia, Graham, Nash, Deal, Wuest, Baker, Drain, Neven, Scillia, McDaniel and Cox;

(2) Count II: Eighth Amendment conditions of confinement claim related to the shower conditions he faced in segregation against defendants Skolnik, Cox, Neven, Scillia, McDaniel, Baca, Morrow, Nash, Patterson, Brooks, Baker, Deal, Graham, Garcia, Wuest, and Drain (these allegations were repeated in Count III);

(3) Count VI: Eighth Amendment claim for deliberate indifference to a serious medical need related to alleged sixty-five day delay in treatment for abscess that resulted from decayed tooth against defendant Hanson and a supervisory liability claim related to these allegations against defendants Baca, Bannister, Cox, Hartman, Neven and Skolnik;

(4) Count IX: retaliation claim against defendants Dooley, Fowler and Lamprich, and retaliation and equal protection claims against defendant Baca; and

(5) Count X: Eighth Amendment conditions of confinement claim related to the deprivation of outdoor exercise against defendants Skolnik, Cox, Neven, Baca, Morrow and Wuest.

The Attorney General has previously accepted service and entered an appearance on behalf of defendants Baca, Bannister, Cox, Graham, Hanson, Hartman, Morrow, Neven, and Skolnik. (Doc. # 14.)

**IT IS ORDERED** that the Attorney General shall advise the court **within twenty-one days of the date of this Order** whether they will accept service of process for the remaining defendants: Baker, Brooks, Deal, Dooley, Drain, Fowler, Garcia, McDaniel, Nash, Patterson, Scillia, and Wuest. If there is any defendant for whom the Attorney General's Office will not accept service, the Attorney General shall file the last known address for such defendants under seal. This shall also be done within twenty-one days of the date of this Order.

**IT IS FURTHER ORDERED** that the defendants on whose behalf service has already been accepted shall file and serve an answer or other response to the newly operative first amended complaint **within twenty-one days of the date of this Order**. Once service is accepted

on behalf of any additional defendants, such defendants shall file and serve an answer or other response to the newly operative first amended complaint **within twenty-one days of the date of the notice of acceptance of service**.

**IT IS FURTHER ORDERED** that if the Attorney General does not accept service of process for any named defendant, then Plaintiff must file a motion identifying the unserved defendant(s) and request issuance of a summons for such defendant(s).  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days of the date the operative complaint is filed. For purposes of this action, the court will construe the 120 days as running **from the date of this Order** officially allowing the claims to proceed.

Plaintiff is reminded of his obligation to serve upon defendants, or if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. The court may disregard any paper received that has not been filed with the Clerk, and any paper which is not accompanied by a certificate showing proper service.

The Clerk is instructed to **SEND** this Order to Plaintiff at Ely State Prison (ESP), along with copies of Docs. # 95, 97 and 98.

Plaintiff is directed to file **within fourteen days of the date of this Order a notice of change of address indicating his correct address at ESP** in conformity with LSR 2-2.

**IT IS SO ORDERED**.

August 7, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE