**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NARVIEZ V. ALEXANDER,<br><br>  Plaintiff,<br><br>  vs.<br><br>STATE OF NEVADA, et al.,<br><br>  Defendants. | 3:10-cv-00429-RCJ-WGC<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO QUASH IMPROPER SERVICE OF PROCESS**<br><br>**Doc. # 119** |

Before the court is Defendants' Motion to Quash Improper Service of Process as to Defendant James Fowler. (Doc. #119.)[1] Plaintiff has opposed Defendants' Motion to Quash Improper Service of Process. (Doc. # 123.) Defendants have replied. (Doc. # 128.) After analysis of the motion and the authorities pertaining to the issue of satisfactory service of process under Fed. R. Civ. P. 4, this court concludes that proper service under Rule 4 has not been accomplished as to Defendant Fowler. Therefore, the court **GRANTS** Defendants' motion.

**I. Background**

Subsequent to the screening order issued by District Judge Robert C. Jones (Doc. # 9), the court filed Plaintiff's Amended Civil Rights Complaint (Doc. # 10). Following a successful appeal to the Ninth Circuit Court of Appeals, the Ninth Circuit remanded Plaintiff's Amended Civil Rights Complaint for further consideration (Doc. # 92) and issued an Order on Remand allowing the Plaintiff to proceed with certain previously dismissed claims (Doc. # 94).

As pertinent to the pending motion, on October 2, 2014, Defendants filed the last known address

---

[1] Refers to court's docket number.

1 of defendant James Fowler under seal. (Doc. # 106.) On October 10, 2014, this court directed the Clerk
2 to issue a summons as to several named defendants, including James Fowler. (Doc. # 110.) A summons
3 to Mr. Fowler was delivered the United States Marshal for service. (Doc. #110.) On November 21, 2014,
4 a Process Receipt and Return was filed reflecting service as to defendant Fowler. (Doc. # 118.)

The Defendants who have appeared in this action subsequently filed the motion to quash the service of process upon Mr. Fowler. (Doc. # 119.) According to the declaration of Jessica Fowler which accompanied the motion, she is the spouse of James Fowler. Mrs. Fowler represented that her husband "does not currently reside at the Wisconsin residence" because he is "currently deployed serving in the Army National Guard in Kuwait." (Doc. # 119-1.)[2] Mrs. Fowler states that on November 11, 2014, she found the service documents for this action "left on the door step of [her] residence." It does not appear that defendant James Fowler has been served personally. (*Id*.)

**II. Discussion**

The issue before the court is whether a summons left at the defendant's residence, discovered by but not personally served on defendant's spouse who is a resident of the household, satisfies Rule 4 service requirements. Fed. R. Civ. P. 4(e)(2)(B) provides that

> "Unless federal law provides otherwise, an individual...may be served in a judicial district by...doing any of the following: leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there...."

The United States Court of Appeals for the Ninth Circuit held in *Benny v. Pipes*, 799 F.2d 489 (1986), that "a federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." 799 F.2d at 492, *citing Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "Substantial compliance" with Rule 4 is required.

However, as Defendants note (Doc. # 119 at 2), the Court of Appeals also stated in *Benny* that Rule 4 is a "flexible rule" which should be "liberally construed." 799 F.2d at 492, *citing, United Food &*

---

[2] Mrs. Fowler does not indicate that her husband's permanent address is Kuwait, or whether the Kuwait deployment is temporary and her husband's "dwelling or usual place of abode" is in Wisconsin; the court assumes the latter is the more logical interpretation, considering Mr. Fowler is in Kuwait because of his Army National Guard unit's deployment.

2

*Commercial Workers Union, Local 197, et al. v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

The Court of Appeals in *Chan v. Society Expeditions*, 39 F. 3d 1398, 1404 (9th Cir 2013), similarly held Rule 4 is a flexible rule that should be liberally construed to uphold service as long as a party receives sufficient notice of the complaint, *citing United Food & Commercial Workers Union,* 736 F.2d at 1382. The court concluded at p. 1404 that technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice, *citing FDIC v. Swager*, 773 F.Supp. 1244, 1249 (D.Minn.1991), and *United Food*, 736 F.2d at 1382.

No decision from the Court of Appeals appears to discuss how Rule 4, which should be considered "flexible" and "liberally construed," must also be "substantially" complied with. Regardless, this court finds in this matter that Rule 4 has not been substantially complied with. Although the process may not have been served directly upon Mrs. Fowler, and while the court recognizes that she nevertheless came into possession of the service documents (Doc. # 119-1), the summons and complaint were not delivered to her nor to someone else of suitable age and discretion. While this decision seemingly places form over substance in this matter to require the U.S. Marshal to again return to her residence to actually place the service documents in her hand personally to supplement the documents which she admittedly retrieved from her doorstep,[3] nevertheless the Rule is fairly specific. As discussed above, while the Rule states the service documents may be left at the party's "usual place of abode," when doing so the documents must also be placed "with someone of suitable age and discretion." Leaving documents on the front porch does not satisfy Rule 4.[4]

Unfortunately, this decision will apparently require the U.S. Marshal's office in Wisconsin to have to undertake one or more additional trips to Mr. Fowler's residence.[5] If service cannot be effected in this fashion, the court will require Defendants to file, under seal, Defendant Fowler's A.P.O. address

---

[3] Even though Defendants state the service documents were "left outside, unattended, subject to the elements" (Doc. # 119 at 4), Mrs. Fowler nonetheless retrieved them to be later submitted to the court in legible format. (Doc. # 118.)

[4] Defendants state "the summons was left on a doorstep, some 6000 miles from Mr. Fowler's current abode." (Doc. # 119 at 4.) While Wisconsin may be "some 6000 miles from Mr. Fowler's current abode," the court notes the last known address Defendants provided was the Wisconsin address, not Kuwait. (Doc. # 106 at 2.)

[5] According to the Return, service of the summons and complaint involved "2 endeavors, 320 miles, 1 Deputy, 5 hours.," incurring a "service fee of $325.00 and "mileage charges" of $180.80. (Doc. # 118)

for service by mail under Rule 4(d)(1) [notice and request for acceptance of service] or Rule 4(f)(2)(C)(ii) [service on an individual outside of the United States by mail requesting a signed receipt].

Defendants' Motion to Quash (Doc. # 119) is therefore **GRANTED.**

**IT IS SO ORDERED.**

DATED:  December 24, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE